IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:22CR00048 SNLJ |
| | ) | |
| TONY RAY WAITES, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Comes now, the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and John N. Koester, Jr., Assistant United States Attorney for said District, and for the Government's Sentencing Memorandum, states and alleges as follows:

Defendant Tony Ray Waites pled guilty to the offense of Sexual Exploitation of a Minor (Production of Child Pornography), in violation of 18 U.S.C. § 2251(a). The Probation Office prepared a presentence investigation report (PSR) and determined the advisory guideline term of imprisonment is 360 months (30 years)—the statutory maximum penalty for the offense. PSR ¶ 70. There is no dispute between the parties that the PSR correctly applied the guidelines.

The government is mindful that a 30-year sentence is a severe punishment that should not be imposed lightly. But based on the egregious nature of Waites' offense conduct, the government believes a 30-year sentence is warranted here. Waites engaged in a strange and alarming pattern of sexual abuse for approximately two years, victimizing

1

no less than ten young boys.  *See* PSR ¶¶ 14-19 (accurately summarizing details of the offense).  A 30-year sentence is supported by both the Sentencing Guidelines and the statutory sentencing factors set forth in 18 U.S.C. § 3553(a).

Starting with the former, the Sentencing Guidelines provide helpful guidance and direction.  As the Supreme Court has recognized, "[t]he Guidelines … continue to guide district courts in exercising their discretion by serving as 'the framework for sentencing[.]" *Beckles v. United States*, 137 S.Ct. 886, 894 (2017) (quoting *Peugh v. United States*, 133 S.Ct. 2072, 2083 (2013)).  Indeed, the importance of the Guidelines in this process makes them "not only the starting point for most federal sentencing proceedings but also the lodestar." *Molina-Martinez v. United States*, 136 S.Ct. 1338, 1346 (2016).  The sentencing enhancements applied in this case (*see* PSR ¶¶ 29-31, 36) accurately reflect the aggravated nature of Waites' underlying offense conduct, resulting in the 360-month guideline term of imprisonment.

Turning to the latter, a 30-year sentence is appropriate in light of the statutory sentencing factors.  Looking at the nature of the Waites' offense conduct—which spanned approximately two years and involved ten young boys—a 360-month term of imprisonment will certainly reflect the seriousness of the offense.  18 U.S.C. § 3553(a)(2)(A).  It will also promote respect for the law and provide just punishment for the offense.  *Id*.  Additionally, a 30-year sentence will afford adequate deterrence to criminal conduct and ensure that the public will be protected from further crimes.  18 U.S.C. § 3553(a)(2)(B) and (C).

SAYLER A. FLEMING
UNITED STATES ATTORNEY

/s/ John N. Koester, Jr.
JOHN N. KOESTER, JR., #521770MO
ASSISTANT UNITED STATES ATTORNEY
555 Independence, 3rd Floor
Cape Girardeau, MO 63703
(573) 334-3736

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Daniel A. Juengel

Chelsea N. Sawyer
United States Probation Office

/s/John N. Koester, Jr.
John N. Koester, Jr.
Assistant United States Attorney
